**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JENNIFER WILLIAMS, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| COBB COUNTY SCHOOL DISTRICT, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Jennifer Willaims ("Plaintiff"), by and through her undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Cobb County School District (hereinafter "Defendant" or "CCSD"), showing the following:

## I. NATURE OF COMPLAINT

1.      Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of her rights pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

## II. PARTIES

2.      Plaintiff is a resident of Cobb County in the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

3.      Defendant is a school district headquartered in Marietta, Georgia, with a principal office located at 514 Glover Street, Marietta, Georgia 30060.

4.      Defendant may be served by delivering a copy of the Complaint and Summons to 514 Glover Street, Marietta, Georgia 30060.

## III. JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of the ADA.

6.      This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Atlanta Division of the Northern District of Georgia.

7.      Plaintiff exhausted all administrative remedies in this matter.

8.      This action has been timely commenced.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

10.    Defendant is now, and at all times relevant hereto, an employer subject to the ADA.

11.    At all times relevant to her claims, Plaintiff worked for Defendant as a First Grade Teacher.

12.    Plaintiff initially began her employment with CCSD in 2013 and was hired as a First Grade Teacher for the 2019-2020 school year at Frey Elementary.

13.    Prior to the events in question, Plaintiff received no poor performance reviews, disciplinary actions, or other indication of a poor performance.

14.    Plaintiff suffers from several disabilities, including Avoidant Personality Disorder ("AVPD"), bipolar disorder, and Attention-Deficit Hyperactivity Disorder ("ADHD").

15.    Approximately three months into the school year, in October 2019, Plaintiff had a conversation with Principal William Dryden about the best ways to achieve success in her role.

16.    Plaintiff was instructed to watch for, "structure and consistency."

17.    In early January 2020, following Mr. Dryden's observation of Plaintiff's classroom and peer-to-peer observations, Mr. Dryden informed Plaintiff that she should leave the profession if she did not like it.

18.     Plaintiff did not make any comment to the effect that she did not like the profession.

19.     On February 5, 2020, Plaintiff required assistance from Mr. Dryden in separating two students in an altercation.

20.     When Mr. Dryden was in the classroom, he complained that there were ungraded papers on Plaintiff's desk.

21.     The following day, on February 6, 2020, Plaintiff informed Mr. Dryden that she felt he was singling her out for criticism and ridicule.

22.     Mr. Dryden dismissed Plaintiff's statement.

23.     On February 7, 2020, Plaintiff met with Assistant Principal Melissa Faklaris to discuss Mr. Dryden's behavior.

24.     During this meeting, Plaintiff became upset and expressed feelings of depression related to her medical diagnoses.

25.     Mr. Dryden was informed of the conversation and immediately contacted the authorities to have Plaintiff removed from the premises.

26.     Mr. Dryden claimed this was due to concerns he had that Plaintiff was a threat to herself.

27.     Plaintiff made no comments regarding suicidal idiation.

28.     On February 10, 2020, Plaintiff was informed she could not return to work

until she was cleared by a mental health professional.

29.     On February 13, 2020, Plaintiff obtained medical clearance from her physician.

30.     On February 15, 2020, upon her return to her classroom, Plaintiff became aware that her classroom was changed without her knowledge.

31.     Upon information and belief, Mr. Dryden moved Plaintiff's items to another classroom.

32.     On February 25, 2020, Plaintiff was placed on administrative leave pending investigation.

33.     On or about March 13, 2020, Plaintiff was informed that Defendant's investigation had concluded.

34.     That same day, Plaintiff met with the Investigator LaTosha Hayers-Sperling and Executive Director Christopher Dowd to discuss Defendant's findings.

35.     Defendant reported issues with Plaintiff's use of data binder and method of grading.

36.     Plaintiff is unaware of any Defendant-mandated method of using the data binder or of grading procedure.

37.     Plaintiff is unaware of any other teachers at Frey Elementary who were required to use the data binder a certain way or follow a certain grading procedure.

38.    Plaintiff expressed that these purported performance issues were related to her disabling conditions.

39.    Plaintiff requested transfer to another school as an accommodation for her disabilities.

40.    In late March 2020, Plaintiff's requested accommodation was denied.

41.    On or about April 30, 2020, Plaintiff was informed that her contract would not be renewed.

42.    Non-disabled teachers at Frey Elementary were not similarly subjected to non-renewal of their contracts in 2020.

43.    Plaintiff filed a claim with the EEOC, Charge Number 410-2020-08199.

44.    Plaintiff received her Dismissal and Notice Rights from the EEOC, dated June 6, 2022.

## V. CLAIMS FOR RELIEF

### COUNT I: ADA DISCRIMINATION
### (FAILURE TO ACCOMMODATE)

45.    Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

46.    Plaintiff is a qualified individual with a disability.

47.    Defendant was aware of Plaintiff's disability.

48.    Plaintiff requested an accommodation pursuant to the ADA based on her

disability.

49.     Plaintiff's accommodation request was reasonable.

50.     Plaintiff's requested accommodation was denied.

51.     Defendant failed to engage in an interactive accommodation process.

52.     Roughly one month after Plaintiff's request was denied, Plaintiff was terminated.

53.     Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

## COUNT II: ADA DISCRIMINATION
## (TERMINATION)

54.     Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

55.     Plaintiff is a qualified individual with a disability.

56.     Defendant was aware of Plaintiff's disability.

57.     Following Plaintiff's request for ADA accommodations, Plaintiff was held to different standards than her non-disabled peers.

58.     Plaintiff suffered the adverse action of termination.

59.     Defendant has no legitimate business reasons for the termination of Plaintiff.

## COUNT III: ADA RETALIATION

60.    Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

61.    Plaintiff's request for accommodations constitutes a protected activity pursuant to the ADA.

62.    Plaintiff's complaints of disability discrimination to Defendant in March 2020 constitute protected activities pursuant to the ADA.

63.    Defendant had knowledge of Plaintiff's protected activities.

64.    Plaintiff's termination constitutes an adverse action pursuant to the ADA.

65.    The close temporal proximity of the protected activities and adverse actions demonstrates causation.

66.    Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a.  Trial by jury;

b.  That judgment be entered against Defendant on all claims;

c.  Actual and compensatory damages;

d.  Punitive and liquidated damages based on Defendant's willful, malicious, intentional, and deliberate acts;

e.  Reasonable attorney fees and expenses of litigation;

f.  Prejudgment interest at the rate allowed by law;

g.  Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

h.  Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

i.  Any other relief this Court deems proper and just.


Respectfully submitted this 6th day of September, 2022.


THE KIRBY G. SMITH LAW FIRM, LLC

s/Rachel B. Canfield
Rachel B. Canfield
Georgia Bar No. 488716
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 6th day of September, 2022.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Rachel B. Canfield
Rachel B. Canfield
Georgia Bar No. 488716
Kirby G. Smith
Georgia Bar No. 250119
*Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com